IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MARILYN E. EVANS, )
)
    Plaintiff, )
)
vs. ) No. 01-CV-0920C (J)
)
FEDERAL EXPRESS )
CORPORATION, )
)
    Defendant. )

FILED
OCT 25 2002
Phil Lombardi, Clerk
U.S. DISTRICT COURT

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT

Plaintiff, Marilyn E. Evans, moves this Court to reconsider its order of October 21, 2002, granting summary judgment in favor of Defendant in the interests of justice and for the reasons detailed in the following brief.

### BRIEF IN SUPPORT OF MOTION

Plaintiff filed a Motion to Compel Answers to Interrogatories and Responses to Requests for Document Production, based on Defendant's virtual total failure to answer Interrogatories and Requests for Document Production, frustrating the legitimate purposes of discovery. Specifically, in Plaintiff's Motion to Compel, Plaintiff explained the need for the discovery sought in Plaintiff's Interrogatories Nos. 2, 3, and 7-21, all of which Defendant failed to answer. Plaintiff also explained the need for responses to the Requests for Document Production Nos. 2, 3, 4, 6, 7, 8, 19, 20, and 23.

On September 16, 2002, Defendant filed its Motion for Summary Judgment.

Seven days after Defendant filed its Motion for Summary Judgment, on September 23, 2002, this Court set Plaintiff's Motion to Compel for hearing on October 11, 2002. Thus, the Motion to Compel production of discovery was set for hearing before the time for a response to the Motion for Summary Judgment was due. Plaintiff's counsel thereupon presumed the Motion for Summary Judgment was being held in abeyance pending the hearing on the Motion to Compel. Indeed, it would have been well-nigh impossible for Plaintiff to have met its burden of proof in opposing the Motion in view of Defendant's near total failure to cooperate with Plaintiff's reasonable attempt at discovery.

Counsel for the parties mutually agreed to request rescheduling of the hearing on the Motion to Compel until October 17, 2002. Plaintiff's counsel was unable to attend due to sudden, unexpected illness, and Defendant's counsel agreed to notify the Court at the hearing on October 17, 2002. On October 21, 2002, Plaintiff's counsel left a message for Defendant's counsel to find out the new date for the hearing on the Motion to Compel. Defendant failed to return Plaintiff's call. Then, on October 21, 2002, without any notice or hearing, and before the hearing on the Motion to Compel, which had already been set, this Court entered its Order granting summary judgment in favor of Defendant.

In order to respond to the Motion for Summary Judgment with any supporting evidence, Plaintiff was entitled to the hearing on its Motion to Compel, particularly since this Court had set the Motion to Compel for hearing before the response was due.

2

Federal courts of appeals have observed that "a motion to compel is enough to alert the court to the need to stay its hand until the discovery is complete." See Scheetz v. Morning Call, Inc., 747 F. Supp. 1515 (E.D. Pa. 1990), citing Radich v. Goode, 886 F.2d 1391 (3d Cir. 1989); Dowling v. City of Philadelphia, 855 F.2d 136 (3d Cir. 1988); and Sames v. Gable, 732 F.2d 49 (3d Cir. 1984). In Sames, the plaintiffs had alerted the court that discovery was still underway, however, the district court franted summary judgment despite the fact that plaintiffs' interrogatories remained unanswered. In fact, the court had denied defendants' motion to limit the scope of those discovery requests barely more than two weeks before entering summary judgment. The Court of Appeals in Sames reversed the district court, stating:

> **This court has criticized the practice of granting summary judgment motions at a time when pertinent discovery requests remain unanswered by the moving party: "[W]e have said where the facts are in possession of the moving parting a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course. . . . [B]y acting on the motion for summary judgment without argument, and without reference to what might be developed in discovery, which was being diligently pursued, the court erred.**

Id. at 52 (citations omitted). Also, the plaintiffs in Sames, had not identified the specific discovery requests that were vital to the prosecution of their claims. The Court of Appeals, however, stated that it could "not deem plaintiffs' failings to be sufficiently egregious to warrant a non-merits resolution of their claims." Id.

Here, Plaintiff detailed the precise discovery requests that were vital to the prosecution of Plaintiff's claims, and the reasons why such discovery was vital, in

3

Plaintiff's Motion to Compel. Plaintiff possesses some evidence to make a showing of a difference in pay and allowable work hours between Plaintiff, a black female, and another similarly situated white employee. However, as explained in Plaintiff's Motion to Compel, Plaintiff needs the requested discovery to adequately support for her claim of discrimination by failure to promote based on race. Without such discovery, it is indeed harsh to expect Plaintiff to be in any position to respond to a motion for summary judgment.

In addition, the Motion for Summary Judgment was based upon the facts that the discovery Plaintiff seeks might call into question. And, it was granted without a hearing, while a discovery motion was pending hearing. Rule 56(c) allows a court to grant summary judgment only if "there is no genuine issue as to any material fact." That may not be said in the present case.

Also, although no Rule 56(f) motion was filed, the Motion to Compel summarizes the discovery sought and its necessity with particularity. Plaintiff additionally notes that it relied on Rule 56(C) of the Federal Rules of Civil Procedure, which provides, with respect to a motion for summary judgment, that, "The motion shall be served at least 14 days before the time fixed for **hearing. The adverse party prior to the day of hearing** may serve and file opposing affidavits." (Emphasis added). According to the U.S. Court of Appeals, Rule 56 requires a hearing before entry of summary judgment. Kistner v. Califano, 579 F. 2d 1004 (6th Cir. 1978); Beck v. Borden, Inc., 724 F.2d 44 (6th Cir. 1984)(reversing summary judgment where trial court failed to set the matter for hearing).

4

In conclusion, Plaintiff's counsel was lulled into a sense of complacency by the expectation of a Rule 56 hearing, and by the fact that the Court had set its Motion to Compel for hearing--it was still pending hearing at the time the Court entered summary judgment. Plaintiff justifiably never anticipated that summary judgment would be entered without at least some hearing. Under such circumstances and in the interest of justice and fair procedure, Plaintiff respectfully requests that this Court vacate its entry of summary judgment, and reset Plaintiff's Motion to Compel for hearing.

Respectfully submitted,

*Sharon K. Schooley*
Sharon K. Schooley, OBA #10947
**SCHOOLEY & ASSOCIATES**
*A Sole Proprietorship*
1910 E. 52nd St., Tulsa, OK 74105
Ph: 918-646-4244; Fax: 918-747-9234
E-mail: sschooley@att.net

ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF MAILING

I hereby certify that on the 25th day of October, 2002, a true and correct copy of the above document was placed in the U.S. Mail, with proper postage prepaid thereon, to:

Elaine Sanders
3620 Hacks Cross Road
3rd Floor--Building B
Memphis, TN 38125

*Sharon K. Schooley*
Sharon K. Schooley