F I L E D

NOV 2 6 2002

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MARILYN EVANS,                        )
                                      )
             Plaintiff,               )
                                      )
vs.                                   )   Case No. 01-CV-920-C
                                      )
FEDERAL EXPRESS CORPORATION,          )
                                      )
             Defendant.               )

## ORDER

Pending before the Court is plaintiff Marilyn Evans' motion for reconsideration. The plaintiff asks this Court to reconsider its order of October 21, 2002 granting summary judgment in favor of the defendant, Federal Express Corporation ("Federal Express").

On September 16, 2002 Federal Express filed its motion for summary judgment. On October 21, 2002, the Court granted the defendant's motion on the ground that the plaintiff had not submitted a response to the defendant's motion and that the deadline for filing a timely response had passed. The Local Rules of this Court provide that "[r]esponse briefs shall be filed within fifteen (15) days after the filing of the motion. Failure to timely respond will authorize the court, in its discretion, to deem the matter confessed, and enter the relief requested." N.D. LR 7.1(C). Since the plaintiff had failed to respond within fifteen days, the Court exercised its discretion to deem the matter confessed and entered judgment for the defendant.

The plaintiff submitted her motion for reconsideration on October 25, 2002. In her brief, the plaintiff argues that the Court erred by granting summary judgment while discovery requests were pending. The plaintiff also argues that the Court erred by granting summary judgment without a

hearing. The plaintiff requests that the Court vacate its entry of summary judgment and reset her motion to compel for hearing.

Federal Express filed an objection to the plaintiff's motion for reconsideration on November 7, 2002. Federal Express argues that reconsideration is improper in the instant case because the plaintiff's counsel, Sharon Schooley, has repeatedly failed to meet the deadlines set forth in this Court's scheduling order and has persistently failed to prosecute the plaintiff's complaint. Federal Express thus asks the Court to deny the plaintiff's motion for reconsideration.

Discussion

Reconsideration is proper when the court has made a manifest error of fact or law, when new evidence has been discovered, or when there has been a change in the relevant law. See Resolution Trust Corp. v. Greif, 906 F.Supp. 1446, 1456 (D.Kan. 1995)(citing All West Pet Supply Co. v. Hill's Pet Prods. Div. Colgate-Palmolive, Co., 847 F.Supp. 858, 860 (D.Kan.), modified, 842 F.Supp. 1376 (D.Kan.1994)). The plaintiff claims that this Court committed a "manifest error of fact or law" by granting summary judgment in favor of the defendant (1) while discovery requests were pending and (2) without a hearing. For the reasons set forth below, neither of these claims have merit.

The plaintiff cites substantial authority, though not from the Tenth Circuit, for the proposition that courts should refrain from granting summary judgment until discovery is complete. See Radich v. Goode, 886 F. 2d 1391 (3d Cir. 1989)(noting that "a motion to compel is enough to alert the court to the need to stay its hand until the discovery is complete."); Dowling v. City of Philadelphia, 855 F. 2d 136 (3d Cir. 1988); Sames v. Gable, 732 F. 2d 49 (3d Cir. 1984). The Court recognizes the rather obvious wisdom of such a rule, but finds that the rule does not apply in the instant case for the simple reason that the plaintiff's discovery was complete. On June 11, 2002, the plaintiff forwarded

2

her interrogatories and requests for document production to the defendant. On July 10 2002, the defendant answered the plaintiff's interrogatories and requests for document production, providing significant amounts of relevant information. The defendant declined to answer several interrogatories and requests for document production for various reasons. On September 20, 2002, the plaintiff filed a motion to compel answers to the unanswered interrogatories and requests for document production. A hearing on the plaintiff's motion was initially set for October 11, 2002. On October 1, 2002, the plaintiff moved to continue the hearing. The hearing was reset for October 17, 2002. Neither the plaintiff nor her counsel appeared at the October 17, 2002 hearing, and no motion to continue was filed. Indeed, neither the plaintiff nor her counsel informed the Court that they would not be attending the hearing. The magistrate assigned to hear the motion consequently denied the plaintiff's motion to compel. No other discovery requests were pending, and the July 1, 2002 discovery cutoff date set forth in the Court's scheduling order was long past. Therefore the plaintiff's discovery was at an end as of October 17, 2002, leaving the Court no reason to "stay its hand" as to the defendant's motion for summary judgment.

The plaintiff also claims that the Court erred by granting summary judgment without a hearing. Although the Tenth Circuit has held that a court must hold a hearing on a summary judgment motion, Dolese v. United States, 541 F.2d 853 (10th Cir.1976), a formal evidentiary hearing with oral argument is not necessarily required. Geear v. Boulder Community Hosp., 844 F.2d 764 (10th Cir.1988)(citing Nolan v. C. DeBaca, 603 F.2d 810, 812 (10th Cir.1979), cert. denied, 446 U.S. 956, 100 S.Ct. 2927 (1980)). Rather, the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court. Id. at 812.

Here, the plaintiff failed to submit any response to the defendant's motion for summary judgment.[1] The Court thus reviewed the only materials available to it, i.e., the briefs and supporting affidavits submitted by Federal Express. On the basis of these materials and the plaintiff's failure to respond, the Court entered judgment for the defendant. The parties' right to be heard was therefore fulfilled, and the Court did not commit manifest error by choosing not to hold a formal hearing with oral argument.

The Court notes that its grant of summary judgment under Local Rule 7.1(C) bears some similarity to the decision at issue in Hancock v. City of Oklahoma, 857 F.2d 1394 (10th Cir. 1988). In that case, the Tenth Circuit found that the district court had abused its discretion by granting summary judgment in favor of the defendant under Local Court Rule 14(A) of the U.S. District Court for the Western District of Oklahoma. Local Rule 14(A) is similar to this Court's Local Rule 7.1(C), providing that any motion not opposed within 15 days "shall be deemed confessed." A court should generally grant a dispositive motion on such grounds "only after balancing the policy of giving the plaintiff her day in court against policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." Meade v. Grubbs, 841 F.2d 1512, 1521 n. 7 (10th Cir. 1988)(quoting Pardee v. Stock, 712 F.2d 1290, 1292 (8th Cir. 1983)). Because of the similarity between the decision at issue in Hancock and the decision at issue here, the Court deems

---

[1]Plaintiff's counsel, Ms. Schooley, attempts to justify her inaction, stating in her brief in support of the plaintiff's motion for reconsideration that she had been"lulled into a sense of complacency by the expectation of a Rule 56 hearing, and by the fact that the Court had set [plaintiff's] motion to compel for hearing[.]" The Court agrees that Ms. Schooley was complacent. Indeed, she was so complacent that she failed to request an extension of time for filing a response to the defendant's motion for summary judgment, and she failed to request a continuance on her motion to compel. Ms. Schooley failed even to notify the Court that she would not be attending the scheduled hearing. Complacency certainly explains plaintiff's counsel's failure to respond to the defendant's motion for summary judgment, but it does not excuse it.

4

it prudent to distinguish the instant case from <u>Hancock</u> and to analyze its decision under the criteria utilized in that case.

In <u>Hancock</u> the plaintiff's attorney had overlooked the defendant's motion for summary judgment because the motion was delivered to his office at the bottom of a large stack of materials from defendant's counsel. Counsel's mistake was an isolated, unintentional incident. Furthermore, counsel acted promptly once the mistake was discovered. In deciding whether counsel's mistake warranted summary judgment under Local Rule 14(A), the Tenth Circuit focused on three factors: (1) the degree of actual prejudice to the defendant; (2) the culpability of the litigant; and (3) the amount of interference with the judicial process. The Tenth Circuit found that: (1) the defendant suffered no actual prejudice because the delay caused by the plaintiff's untimeliness was insignificant; (2) the litigant was not culpable because she was in no way involved in the mistake that was made in her attorney's office; and (3) the amount of interference with the judicial process was minimal and did not justify dismissal. Consequently, the Tenth Circuit found that the district court's grant of summary judgment in favor of the defendant under Local Rule 14(A) was an abuse of discretion.

The instant case reflects an altogether different factual scenario. From the onset of this case, plaintiff's counsel has conducted her discovery in a grossly untimely manner. The plaintiff forwarded her interrogatories and requests for document production to the defendant on June 11, 2002. The discovery cutoff date set forth in the Court's April 8, 2002 scheduling order is July 1, 2002. The scheduling order also provides that "[a]ll requests for discovery must be completed to allow receipt of responses <u>prior to discovery cutoff</u>" (emphasis supplied). Since the defendant had 30 days to respond, the plaintiff's discovery requests were untimely. That is, they were not

5

submitted in time to ensure a response prior to discovery cutoff. On July 10 2002, the defendant timely answered the majority of the plaintiff's interrogatories and requests for document production but declined to answer several items for various reasons. More than two months later, on September 20, 2002, the plaintiff filed a motion to compel. Under Local Rule 37.1, courts are directed to refuse to hear any discovery motion unless "counsel for movant first advises the court in writing that the lawyers have personally met and conferred in good faith, but that, after a sincere attempt to resolve differences has been made, they have been unable to reach an accord." LOCAL R. CIV. P. 37.1. Plaintiff's counsel never so informed the Court, nor did she even communicate with defendant's counsel during the nine-week period between the defendant's response and the plaintiff's motion to compel. Nevertheless, the Court indulged the plaintiff and set her motion to compel for hearing on October 11, 2002. The plaintiff requested a continuance on October 1, 2002, which was granted. The new hearing date was set for October 17, 2002.

Although the above-described events reflect a generally lackadaisical attitude toward the federal rules of civil procedure and the scheduling order of this Court, counsel for plaintiff's conduct on the day of the October 17, 2002 hearing confirms beyond question the propriety of this Court's decision to grant summary judgment in favor of the defendant under Local Rule 7.1(C). According to the account provided by counsel for the defendant, which stands uncontradicted and which the Court has no reason to question, the following occurred on the day of the hearing: (1) at approximately 9:15 a.m. counsel for plaintiff notified counsel for defendant by calling counsel's Memphis office that she was having car trouble and would not be able to attend the hearing; (2) Counsel for defendant returned the phone call and agreed to provide plaintiff's counsel with transportation to the hearing; (3) after flying to Tulsa from Memphis, defendant's counsel arrived

6

to pick up plaintiff's counsel, at which time plaintiff's counsel stated that she was afflicted with a "sudden, unexpected illness" and could not attend the hearing; (4) counsel for the defendant informed the Court at the hearing of counsel for plaintiff's proffered justification for her absence, and the Court subsequently denied the plaintiff's motion to compel.

Applying the analytical framework of Hancock to these facts, the Court first examines the level of "actual prejudice" to the defendant. The prejudice caused by counsel for plaintiff's conduct is obviously greater than that in Hancock. Here, the defendant expended considerable resources to conscientiously respond to the plaintiff's discovery requests and motion to compel. Nevertheless the Court cannot find that the prejudice is of a kind or a degree that constitutes actual prejudice under Hancock. The prejudice contemplated in that case and in similar cases in other circuits is an extended delay rendering a claim stale or otherwise impeding a party's ability to put on an effective defense. See Shea v. Donohoe Const. Co., Inc., 795 F.2d 1071 (D.C. Cir. 1986); Jackson v. Beech, 636 F.2d 831, 837 (D.C. Cir. 1980); Lyell Theatre Corp. v. Loews Corp., 682 F. 2d 37 (2d Cir. 1982); Citizens Utilities Co. v. American Tel. & Tel., Co., 595 F.2d 1171, 1174 (9th Cir. 1979). Although the prejudice to the defendant in this case was inconvenient and costly, it did not affect the defendant's ability to put on an effective defense. Therefore, the actual prejudice to the defendant does not, in itself, justify the Court's grant of summary judgment under Local Rule 7.1(C).

The Court next examines the responsibility of the litigant in creating the delay. Here, it is unlikely that the plaintiff knew anything about her attorney's conduct. The Court notes, however, that even if a client is blameless, a court may decide that "it is fairer to visit the sins of retained counsel upon the one who selected him, as opposed to the other party in the case." Shea, 795 F.2d at 1074-75. Nevertheless, the Court finds that the culpability of the plaintiff in this case does not,

7

in itself, justify the Court's grant of summary judgment under Local Rule 7.1(C).

Finally, the Court considers the amount of interference with the judicial process caused by counsel for plaintiff's conduct. This factor is the most troubling in the instant case because counsel for plaintiff's conduct implicates "the public's interest in expeditious resolution of litigation [and] the court's need to manage its docket." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court finds that counsel for plaintiff's conduct, as detailed above, has caused inordinate delay in the expeditious resolution of the litigation, and has prejudiced the Court's need to manage its docket. Therefore in light of this factor and the totality of the circumstances, the Court's grant of summary judgment in favor of the defendant pursuant to Local Rule 7.1(C) was fully justified under the factors applied in Hancock.

For the reasons set forth above, the plaintiff's motion for reconsideration is hereby DENIED.

IT IS SO ORDERED this 25th day of November, 2002.

_____
HONORABLE H. DALE COOK
Senior United States District Judge